Case number 24-5065, William Skewes-Cox appellant v. Georgetown University Law Center and Department of Education, Office for Civil Rights. Mr. Skewes-Cox for the appellant, Ms. Schuster for the appellees. Good morning, whenever you're ready. Good morning, your honors, and may it please the court. The district court's findings that service is defective and that in the alternative I failed to state a claim are erroneous. Regarding service of process, the district court's findings rely almost entirely on the fact that I filled out the return address field on the envelope that contained the summons in the complaint. The district court relied on this fact to find that I had personally mailed the summons in the complaint. This is despite the fact that I submitted to the court a signed affidavit signed under the penalty of perjury from a third party stating that she had in fact mailed the summons in the complaint. Putting aside the facts of this case, are you willing to accept the general proposition that a plaintiff can't self-serve? No, your honor. The district court relied on the Johnson Richardson cases for the proposition that a plaintiff may not file, may not mail the summons in complaint by himself or herself. The plain text of Federal Rules of Civil Procedure Rule 4 says that service of process can be affected under the local rules and the local rules in this area are the rules of the DC Superior Court which permit a plaintiff to mail a summons and a complaint himself. Which is one option for manner of service under 4e which seems independent of the who should serve rule which is 4c. Correct, your honor, and there are, while the while Georgetown has pointed to Johnson Richardson for the prohibition on a plaintiff mailing a summons in a complaint, there are other cases at the DC district court level where a plaintiff has mailed a summons and complaint and that service has been recognized as properly served without much analysis or further explanation because the plain text is clear under Rule 4e and it's uncontroversial in DC Superior Court that a plaintiff may do so. Because the district court's finding of ineffective service entirely relies on, one, the fact that I filled out the return address field which in my opinion is completely irrelevant to whether I mailed it or not, which I didn't because there was a third party who submitted a signed affidavit under the penalty of perjury that she did. There's no other finding to support the district court's conclusion that service was not effective. Georgetown alleges that service was not effective because it was not received by an authorized agent or there was not a return receipt. The district court made no findings on either of these arguments raised by Georgetown. Georgetown raised them before the district court twice and two times the district court said nothing on these two other arguments. We can affirm on any ground. Correct. So why suppose we agree with you on your principal point that second time around you had your friend do the service. So you went on that ground. Why shouldn't we affirm on the alternative ground that there was no receipt? First, the district court made no factual findings whether there was or was not. So as a court of review, my opinion is that there's nothing on in the record. There aren't sufficient facts in the record for this court to make that finding. In the alternative that this court does agree with Georgetown. It's your burden to prove service. Correct. And there are attachments that I submitted to the district court that I these two other requirements that Georgetown has raised. The district court did not make any findings on that. Even if it's what in the record would show that there was receipt and return. So there is the attached to the service of process affidavit. There is the green certified mail receipt there filled out in the handwriting of the third party. No, I know. I'm giving you that. Okay. And also the the tracking and everything. I also submitted a screenshot showing it had been delivered and it's addressed to the office of the General Counsel. Georgetown claims that their General Counsel is not authorized to accept service of process. Even if this court agrees with Georgetown that for those alternative reasons, service was defective. I should be given a further opportunity to affect service. One, because even though Georgetown had raised these arguments twice, the district court never relied on these. And if we are going to look to Johnson Richardson, the pro se plaintiff in Johnson Richardson was given three chances to affect service. Also in this in Johnson, you sort of had a third chance. The district court dismissed the second time and the limitations period was still open. You could have reserved. So my understanding, the district court dismissed in its last order, dismissed it without prejudice, but did not give, unlike its prior order, did not give me another opportunity to further affect service. And in Johnson Richardson, the dismissal is without prejudice. Why why why wouldn't you have that just from the without prejudice? I suppose I could have refiled and started the whole process again, but I also immediately took leave of appeal and well now we're here. And again in Johnson Richardson, that court found after two attempts of service of process based on the mailings issue, that has been an issue in this case, that that plaintiff had not mailed it to an agent authorized to receive service. And that plaintiff was given another opportunity to affect service. So if we're going to rely on Johnson and Richardson, which again, my position is that the several other cases that, you know, uncontroversially accept that a plaintiff can serve through the mail is my preference. But if we're going to rely on Johnson Richardson, then as a similarly situated plaintiff, I should also be given a third opportunity on remand to affect service. And I can affirm and swear to this court that I will hire a professional process server so we won't be in in this same territory again. Well I have a question about standing. Georgetown argues you don't have standing and I just want to make sure I understand your theory of it. Is it essentially that this grade is going to harm your future job prospects and that's the injury that you're trying to remedy? Correct, your honor. The harm is this illegitimate grade on my transcript. And every time that I apply for a job, I'm asked to declare my GPA and they ask for a copy of my transcript. So this is an ongoing violation. There's continuing harm. I mean, unfortunately, as lawyers, our law school GPAs do end up determining a large part of our professional opportunities. This may not end up being important, but we don't know which direction, I can assume, which direction you think your GPA would change if this was changed to a pass. But we don't know from the papers and we don't know how much. Do you know how much your GPA would change? Okay, I don't want to get in trouble by offering facts to the court that are not already contained in the record. But yes, I've recalculated my GPA and it would have been the difference between graduating cum laude and not, which is very significant. For example, federal clerkships many times have as a requirement that an applicant must have graduated at least with cum laude. And so any time that I look at any sort of job posting, I'm left out of the entire category of opportunities due to this illegitimate grade on my transcript that ended up being an outcome determinative for whether I received honors or not. As regards the district court's finding that I failed to state a claim, first the district court improperly construed the facts in a light actually most favorable to the defendant and not... Running into your red light. I'll give you a minute. Okay, thank you, Your Honor. First of all, I would state that it demonstrates an inherent bias that affects the entire legal reasoning. The district court said that I turned in a subpar paper and received a poor grade. That's not even something that Georgetown has stated in any of their filings. It's something that the district court completely made up, and it's an adverse... One, it violates construing the facts the light most reasonable, but it's evidence of judicial bias in that this order is based on facts that they completely made up. And again, my view of my legal claim is that I was otherwise discriminated against because in... I raised an issue about whether professors fulfilled their minimum requirements under the rules of Georgetown. And in deciding that issue, which was unrelated to my modest extension in a paper, Georgetown decided to excuse their professor's failure to meet their minimum requirements. Thank you. We'll give you a minute. Good morning. Good morning, Your Honors. May it please the court. I'm Stephanie Schuster here on behalf of Georgetown. I want to pick off where plaintiff left off on the notion of judicial bias. I think the record shows the district court... Let's start on this. Yeah, plaintiff fairly and reasonably. The lawsuit is properly dismissed because it was procedurally and substantively defective in at least three ways, starting with service, Judge Katsas. Plaintiff failed to properly serve Georgetown despite getting a second opportunity to do so. Both times, he attempted service himself, contrary to both the federal rules and D.C. law. And both times, plaintiffs failed to direct the papers to a person authorized to accept service on Georgetown's behalf, and consequently failed to produce proof of their... First point, your first round of insufficient service. Why isn't it enough for him to hand it to a friend who put it in the mail? This rule that you have to... You can't self-serve by mail is ridiculous enough to begin with. And he has a friend do it, so... Certainly, Your Honor. If he'd had a friend, if the district court had found that his friend had actually deposited the envelope in the mail, that would be effective service in our view. An affidavit. Yeah, but the friend submitted the affidavit. The affidavit is very clear. The person who signed it. The only question is whether the friend putting the papers in the mail is rendered invalid because he wrote out the address and the return address. I disagree with that, Your Honor. I think that's inconsistent with the district court's findings. What the district court found is that it wasn't clear from the face of the affidavit. And if you look at the affidavit, the person who signed it does not attest that she served it. She did not say, I delivered these papers. There are several boxes to check where a process server can check. I served, I left, I returned the summons. That wasn't done here. Counsel, I'm just reading from footnote in the district court opinion. He had a third party deliver his complaint and summons to the US Postal Service. I don't see it at any time when he says the affidavit is unclear. I'll point you to it, Your Honor, if you bear with me for just one second. He says the affidavit, the attachments to the proof of service are not exactly clear as to who submitted the package. Bottom of page, it's on 97 of the appendix, page 5 of the opinion. The exhibits attached to his proof of service do not clearly indicate who physically submitted the package complaint to the US Postal Service for delivery. And if you look at the affidavit of service, it says where she checked other, she says, in the passive voice sent by certified mail. The district court had that and it had the evidence of the envelope, which says from the plaintiff. Plaintiff had an opportunity to submit additional evidence. He didn't. But based on the evidence in the record, the district court's conclusion that plaintiff served is not clearly erroneous. And its decision to dismiss rather than give plaintiff a third chance at the apple, a third bite at the apple, was not an abusive discretion. But even putting aside who sent the papers, we have the other deficiency that the papers were not directed to an appropriate person authorized to accept service. Again, the federal rules and DC law require entities to be served via a registered agent or a person authorized to accept the appropriate person. The registered agent, I believe, is the general counsel, CT Corp. The general counsel is, I mean, Georgetown University's general counsel is a vice president. And so could be a law school separately incorporated. I believe it is. But the law school has its own. The law school does not have its own general counsel. The Georgetown University's office of general counsel is the office of general counsel. That would seem to be the right person. It could be if it was delivered to him. But the office of the general counsel from a simple Google search is not located at the law school. There is no Georgetown law general counsel. The problem was it went to New Jersey Ave rather than across the river in Georgetown. Correct. It was not directed to the appropriate office or to the appropriate person. And that's why there's no return receipt showing it was received by the office of the general counsel. Effective service is essential to personal jurisdiction. And for good reason, if you look at what happened in this case, the first misdirected service not directed to an authorized person resulted in entry of default against Georgetown. That's when Georgetown learned about this lawsuit. These aren't mere technicalities. These are essential requirements to personal jurisdiction. And as this court has made clear, courts have uniformly held that any judgment rendered in a case where service does not comply with the effective service requirements is invalid. I'm sorry. Who did you say he should have served? He should. He could have served the office of the general counsel at its address because that is that individual whose name is not placed in these papers is an officer of Georgetown University under the rules, an officer of an entity or another person legally authorized to accept service like a registered agent would have been appropriate. Georgetown also has a registered agent. But even putting the service issues aside and turning quickly to standing plaintiff lacks standing because he seeks only declaratory and injunctive relief, both of which are forms of relief that require either an ongoing injury or an imminent future injury. Plaintiff has asserted in his reply brief and then here again today that the grade being permanent on his transcript might harm unspecified job prospects. The complaint doesn't support that theory. It's not alleged. I mean, why? Why wouldn't Mr Skews Cox have standing, um, to have his grade petition reviewed without animus? Well, I mean, it's a kind of procedural harm, arguably under the Rehabilitation Act. Certainly. But he does not have the sort of injury, in fact, necessary to have the great petition reviewed. He does not have an ongoing injury that supports giving court jurisdiction because he does not needs. It's a little bit abstract, but we look to harms analogous to common law defamation. People, uh, Fikra cases. If you have adverse information in your credit report, maybe it harms you going forward with some future application. Maybe it doesn't. But that is not to abstract an injury for Article three purposes. I do think it's too abstract an injury for Article three purposes. It's not concrete. He's not. It's pure speculation based on the assertions, which again are unalleged, not in the complaint, but based on the assertions in his briefing here today, just speculated about it. The article three requires plausible allegations at this stage of a concrete, particularized and either actual or imminent. I didn't go back and reread Spokio, so I'm doing this from memory. But like there was a distinction between information like the person has the wrong zip code versus information that, you know, the person is a tax cheat or something. And that's bad. Grade seems more like the latter, right? A concrete injury needs to have a real world. We're talking about concreteness at this point rather than whether it's ongoing. It was Spokio was about. But in terms of it being concrete, you need to have a real world impact. You need to allege some real world effect that actually resulted in negative impact. Lawyers. We all know that law school GPAs matter for job prospects. Certainly GPAs matter for all sorts of job prospects, Your Honor. But the plaintiff has not alleged a single instance where he attempted to get a job on was denied. You have to allege that in order to show that he is standing for what's a sort of procedural harm to have his grade reviewed without animus. He does. He needs to allege an ongoing harm that affects him in a real way for the court. His allegation is that his grade was reviewed, you know, with bias. And so if it were reviewed without bias, the outcome may be different. And in that kind of procedural harm, ordinarily causation and redress ability is somewhat relaxed. He doesn't have to show that his grade would definitely change or that it would change, you And the definiteness of the change is not our argument, but he does need to show that the injury is ongoing. A past injury is not enough to make out a present case or controversy for a plaintiff seeking the type of injunctive or declaratory relief that he's seeking. But moving to the point of animus, I see my time's about to expire. So we turn to the final grounds. Putting aside lack of personal jurisdiction, defective service, lack of standing, the plaintiff also fails to state a claim, whether it's construed as a failure to accommodate claim or a disparate treatment claim based on animus. Plaintiff doesn't plausibly allege that his grade change was denied because of or by reason of his disability. He never requested that Georgetown extend the deadline for him to submit his final paper, even though he sought and was granted an extension of the interim deadline to submit the draft for feedback. Plaintiff challenged his grade because, as a result, he had less time for feedback. The complaint doesn't plausibly allege that Georgetown denied that challenge because of the fact that he requested an accommodation. The complaint makes clear Georgetown denied the allegation because plaintiff chose this truncated review period and then complained about it after the fact. Plaintiff's choice to seek that extension defeats this disparate treatment claim or an animus claim in two ways. One, it breaks the causal chain necessary to make out that claim. But another, it demonstrates that on the face of the complaint, there is an obvious alternative explanation to any insinuation of animus that is now being argued on appeal. That there was, this was plaintiff's choice. He asked for this. He did not. He had options available to him and did not exercise them. I see my time is about to expire, so unless the court asks questions, these reasons we'd ask that the judgment be affirmed. Thank you. Thank you very much. Mr. Schuscox, we'll give you two minutes. Okay. Thank you. On rebuttal, I would like to draw the court's attention to the proof of service affidavit found on page 35 of the joint appendix. To parse the language, Georgetown has said that, again, I delivered it the second time. We have this affidavit signed under a penalty of perjury. And just reading through the text here, it says, this summons for Georgetown University Law Center was received by me, referring to the third party, on April 6, 2023. And then she checks the box and says, sent by certified mail. If we look at the con, yes, okay, I is not there. But if we look at the context of this, it's saying, received by me and sent on, by certified mail, blah, blah, blah. So the context here is clear that it was she, there's a missing I here, but the context is clear that it was her who sent it. And again, I mean, if Georgetown's position here is that service was defective now because there was an pronoun I missing after the pronoun me, I mean, I think that stretches all reasonability. And given the fact that, again, I'm a pro se plaintiff here, working with a third party to affect service, I mean, it's just, it's just unreasonable. And in the grammatical context here is clear that it was sent by her. To conclude, even if this court agrees with Georgetown, that for one of these reasons, services, even if the court agrees that, for example, plaintiffs are prohibited from filling out a return address field, and that should trump an affidavit signed under the penalty of perjury, I should get another opportunity to affect service, even if the court agrees that I lack standing or that there was a failure to state a claim. Again, I would ask that this court grant may leave on remand to amend the complaint to comply with these standards, um, as is custom under rule. Thank you. Thank you. The case is submitted.
judges: Katsas; Rao; Garcia